# Reeves, Appellant, *v.* Nevin.

*Appeals—Interlocutory order.*

An order of the Court of Common Pleas granting an appeal from the County Court, is not final but interlocutory in character, and no appeal lies therefrom. Such order has none of the features of a final judgment and any objection to the regularity of the proceeding may be raised at the trial.

Argued April 28, 1925. Appeal No. 218, April T., 1925, by plaintiff, from order of C. P. Allegheny County, January T., 1925, No. 243, in the case of John Reeves v. D. M. Nevin. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Rule to show cause why an appeal to the Court of Common Pleas from the County Court should not be allowed. Before MACFARLANE and DREW, JJ.

The opinion of the Superior Court states the case. The rule was made absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*C. Elmer Brown,* and with him *Walter G. Powell,* for appellant.

*James G. Nevin,* and with him *James M. Nevin,* for appellee.

PER CURIAM, July 9, 1925:

The original action was brought in the County Court of Allegheny County. It arose out of a collision between automobiles. The defendant made application to the Court of Common Pleas for leave to appeal from the county court, whereupon a rule to show cause was granted, which was made absolute. From that action this appeal was taken, the appellant complaining that the appeal to the Court of Common Pleas was taken too

late; the reply to which by the defendant is that it was taken in accordance with Rule 24, of the Court of Common Pleas of Allegheny County and that the plaintiff waived the delay.

We are all of the opinion that the order appealed from is interlocutory and that the appeal must be quashed. It has none of the features of a final judgment; the case is still pending, and the objection to the regularity of the proceeding may be raised at the trial. The appeal is quashed at the cost of the appellant.